UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT EVAN JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>ALLY FINANCIAL, INC., *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00256-CDB<br><br>ORDER ON STIPULATION SETTING ASIDE DEFAULT OF DEFENDANT LIGHTNING RECOVERY, INC. AND TO RESPOND TO THE COMPLAINT<br><br>(Doc. 9) |

   On February 28, 2025, Plaintiff Kent Evan Johnson ("Plaintiff") initiated this action with a filing of a complaint against Defendants Ally Financial, Inc. ("Ally") and Lightning Recovery, Inc. ("Lightning") (collectively, "Defendants").  (Doc. 1).  Summons returned executed filed on April 14, 2025, reflect both Defendants were served on April 7, 2025, with answers due on April 28, 2025.  (Docs. 4, 5).  On April 24, 2025, Plaintiff and Defendant Ally executed a joint stipulation pursuant to Local Rule 144(a) to extend Ally's deadline to respond to the complaint by 25 days up to and including May 23, 2025.  (Doc. 6).

   After Defendant Lightning failed to timely file any response to the complaint or seek a stipulation extending the deadline thereto, on May 2, 2025, Plaintiff filed a request for entry of default against Lightning and the Clerk of the Court entered default the same day.  (Docs. 7, 8).

   Pending before the Court is the joint stipulated request of Plaintiff and Defendant Lightning (collectively, the "parties") to set aside the default of Lightning, filed on May 12,

2025. (Doc. 9). The parties represent that to resolve their dispute concerning efficacy of service of process, they stipulate to setting aside the default and establishing a date for Lightning to respond to the complaint. (*Id.* at 2). The parties agree the Clerk of the Court's entry of default as to Lightning should be set aside and Lightning acknowledges service of the summons and complaint and will waive any defense as to service of process. (*Id.*). The parties agree that Lightning should file its response to the complaint on or before June 2, 2025. (*Id.*).

The Court finds good cause in the parties' stipulated representations to grant their request, and the default entered by the Clerk of the Court as to Defendant Lightning shall be set aside. Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause[.]"). Further, Lightning shall be directed to file its response to the complaint by June 2, 2025.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties' stipulated request to set aside default as to Defendant Lightning Recovery, Inc. (Doc. 9) is GRANTED;

2. The entry of default as to Defendant Lightning Recovery, Inc. (Doc. 8) is set aside; and

3. Defendant Lightning Recovery, Inc. shall file its response to the complaint no later than **June 2, 2025**.

IT IS SO ORDERED.

Dated:   **May 13, 2025**                                  _____
                                                           UNITED STATES MAGISTRATE JUDGE

2